STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CRAIG LANGER AND HEATHER LANGER,      :
                                      :
     Plaintiff,                       :
                                      :   11 CV 3955 (HB)
     - against -                     :
                                      :   **OPINION & ORDER**
                                      :
INFINITY MOVING & STORAGE, INC.,      :
AND ATIBA CYRUS,                      :
                                      :
     Defendant.                       :
-----------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

     This is a motion to remand to the Bronx County Supreme Court brought on by the Plaintiffs. Plaintiffs Craig and Heather Langer, husband and wife, in this action seek damages related to personal injuries allegedly sustained by Plaintiff Craig Langer in an automobile accident when a truck driven by Atiba Cyrus ("Cyrus") who is employed by Infinity Moving & Storage, Inc. (together as "Defendants") rear ended them. The complaint alleges (1) negligence by Cyrus (Count I); (2) negligence by Infinity Moving & Storage, Inc. ("Infinity") (Count II); (3) loss of consortium (Count III).

     Defendants served Plaintiffs with a demand for a bill of particulars, seeking all of the statutes, rules, regulations, and internal procedures allegedly violated by Defendants. In response, Plaintiffs identified only sections of New York's Vehicle and Traffic Law and New York City's Traffic Regulations. Subsequently, Plaintiffs requested vehicle maintenance and driver qualification records that Infinity was required to maintain under the Federal Motor Carrier Act ("FMCA"), 49 U.S.C. § 13101, *et seq.* Defendants demanded that Plaintiffs identify the FMCA sections they would claim Defendants had violated, and Plaintiffs responded that they would allege Defendants had violated at least some of these regulations. Defendants removed to this Court, asserting federal question jurisdiction based on Plaintiffs' identification of FMCA regulatory violations. Plaintiffs' motion to remand is now before the court. Plaintiffs' motion is GRANTED.

**Discussion**

     It is well to keep in mind from the get-go that on a motion such as this, the party seeking remand, as Plaintiffs point out, has the burden to show a basis for jurisdiction and the appropriateness

of removal.  Plaintiffs argue that remand is appropriate because this Court lacks federal question jurisdiction, and in fact, no federal claim appears on the face of the Complaint.  The sole claims in the Complaint are for negligence as to each Defendant and resulting loss of consortium.  Although Defendants argue that the identification of FMCA regulation violations indicates that their claims sound in federal law, the identification of such violations alone is insufficient for federal question jurisdiction.  *See Rivera v. Horizon Offshore Contractors, Inc.*, No. 05CV6500, 2005 U.S. Dist. LEXIS 27455, at *5 (S.D.N.Y. Nov. 10, 2005) (finding that the fact that plaintiff's complaint mentioned that federal standards were violated did not mean the plaintiff's "right to relief necessarily depends on federal law").

Plaintiffs can prevail on their negligence claims without reference to the FMCA regulations. *Compare Kabir v. County of Monroe*, 16 N.Y.3d 217, 222 920 N.Y.S.2d 268, 463 (2011) (finding rear-end collision is *prima facie* evidence of negligence of the operator of the rear vehicle under state law), *with N.Y. City Health & Hosps. Corp. v. Wellcare of N.Y., Inc.*, No. 10 Civ. 6748, 2011 U.S. Dist. LEXIS 1577, at *11-12 (S.D.N.Y. Jan. 7, 2011) (finding federal issue was necessarily raised under a contract requiring payment "according to the terms and conditions required by Medicare law and regulations").  At most, the FMCA regulations here would serve an evidentiary role supporting Plaintiffs' state law negligence claims.  Special expertise is not necessary to understand the FMCA regulatory scheme, which has been adopted by New York's Department of Transportation.  17 NYCRR § 820.1.  Finally, federalizing this portion of automobile accident litigation would significantly "disturb[] . . . the balance of federal and state responsibilities," *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005), which are generally deemed almost exclusively the province of state courts.

Because Plaintiffs bring no claim under the FMCA, I need not reach the question of whether the FMCA provides a private cause of action in these circumstances.  I note, however, that it is unlikely under the sole provision that could potentially be read to create such a private right of action, 49 U.S.C. § 14704(a)(2).  *See Jones v. D'Souza*, CIV.A.7:06CV00547, 2007 WL 2688332, at *7 (W.D. Va. Sept. 11, 2007) (holding that § 14704 is limited to commercial disputes).

## CONCLUSION

For the foregoing reasons, the motion to remand is GRANTED, and the Clerk of the Court is directed to return any papers in this matter to the Bronx County Supreme Court.  Both attorneys are, to my way of thinking, wasting time.  This case, a simple hit-in-the-rear accident, is over a year old,

and to my way of thinking, but for the complexity injected by Plaintiff's counsel and the unnecessary motion practice, the matter could have been resolved at a lesser cost in time and money for all concerned. The Clerk of the Court is directed to close this matter and remove it from my docket.

**SO ORDERED**
August 25, 2011
New York, New York

*/s/ Harold Baer*

Hon. Harold Baer, Jr.
U.S.D.J.